# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, CRISTIAN LOPEZ ("Plaintiff") and, on the other hand, JGR SERVICES INC., AND CUETES CORP., and JUAN MARTINEZ AND BEATRIZ VARGAS (collectively, "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each party a "Party").

**WHEREAS**, on or about October 25, 2022 Plaintiff initiated legal action against Defendants in the United States District Court for the Southern District of New York (the "Court"), entitled *CRISTIAN LOPEZ v. JGR SERVICES INC., and CUETES CORP.., et al.*; 7:22 CV 09155-AEK (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages and record keeping violations; and,

**WHEREAS**, in the Complaint, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime and minimum wages due in connection with services that he performed on Defendants' behalf and failed to provide him with wage notices and statements; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid wages and other alleged damages relating to his FLSA and NYLL claims from the commencement of his employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:**

   a. As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount") as follows:

      i. One check made payable to "CRISTIAN LOPEZ" in the total amount of Nine Thousand Five Hundred Dollars ($9,500) within fourteen (14) days of the Court granting Plaintiff's Motion for FLSA Settlement Approval

      ii. One a check made payable to "Stillman Legal PC" in the amount of Five Thousand Five Hundred Dollars ($5,500) within fourteen (14) days of the Court granting Plaintiff's Motion for FLSA Settlement Approval

      iii. Fifteen (15) installment checks each in the amount of One Thousand Dollars ($1000) each payable as follows:

    i. Two (2) Checks totaling $1000 One thousand Dollars every (30) thirty days to Plaintiffs' counsel at 42 Broadway, 12th Floor, Suite 12-127, New York NY 10004. Plaintiff's counsel and Plaintiffs will receive IRS Forms 1099 in connection with these payments.

      1. One Check (1) payable to Cristian Lopez in the amount of $700.00 Seven Hundred Dollars and Zero Cents.

      2. One Check (1) payable to "Stillman Legal PC" in the amount of $300.00 Three Hundred Dollars and Zero Cents.

    ii. The first installment shall be made forty-five (45) days after court approval of this Agreement and each installment shall be due thirty (30) days thereafter.

    iii. Plaintiffs' Counsel will receive a one third (1/3) of the total settlement in the amount of ($10,000) Ten Thousand Dollars, which includes costs.

    iv. Plaintiff will receive a total of ($20,000) Twenty Thousand Dollars.

    v. Plaintiffs and Plaintiffs' counsel shall provide IRS Forms W-9 prior to any payment.

    b. The payments set forth in this Paragraph shall be delivered to Stillman Legal PC, 42 Broadway, 12th Floor, Suite 12-127 New York, NY 10004.

    c. Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to his FLSA and NYLL claims.

3. **Plaintiff's Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, minimum wages, spread of hours pay, tips, liquidated damages, statutory penalties, pay frequency violations, record-keeping violations, interest, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations for any wage and hour violations that occurred up to the Effective Date (as defined in Paragraph 12 below) of this Agreement. Plaintiff hereby completely releases all wage and hour claims against Defendants and releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the Effective Date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations.

4. In the event of default Plaintiff shall serve a ten (10) day notice to cure by email upon Defendant at juan@jgrservicesinc.com with a courtesy copy to hroman@roman-law.org. The ten (10) days to cure shall commence on the day following transmission of the notice to cure. Named Defendants or their counsel shall immediately notify Plaintiffs Counsel' of this occurrence in conformance with and pursuant to the notice provisions of Paragraph 14 below. Plaintiffs' Counsel shall have ten (10) days to cure any such breach, with such ten-day period commencing on the date of delivery of the notice herein required.

5. **Taxes:** Plaintiff assumes full responsibility for his respective portion of the Settlement Amount for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency, or the court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Amount set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability, except for Defendants' employer-related payroll taxes, including without limitation, FICA and/or FUTA, if any.

6. **Mutual Non-Disparagement:** The parties agrees that they will not make any comments to any third party that will disparage each other, other than truthful statements about their experiences litigating this matter.

7. **Covenant Not to Sue:** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing Party.

8. **Filing of Stipulation of Dismissal with Prejudice:** The Parties hereby authorize their respective counsel to execute a Stipulation of Dismissal with Prejudice contemporaneously with the execution of this Agreement, which will be filed with the Court along with Plaintiff's Motion for FLSA Settlement Approval.

9. **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **No Pending Claims:** Plaintiff hereby represents that other than this Action, there are no other pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against Defendants with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

11. **Breach:** If it is established that any Party breached this Agreement, as determined by a court of competent jurisdiction, then the non-breaching Party shall be entitled to proven damages and an award of reasonable attorneys' fees and costs incurred in enforcing his/her/its rights under this Agreement, provided that the non-breaching Party is a prevailing Party.

12. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in the County of Nassau, State of New York; or, (ii) the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising from this Agreement.

13. **Effective Date:** This Agreement shall become effective as of the date the final signatory executes this Agreement.

14. **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, term sheets, promises, understandings, or representations, whether oral or written, express or implied, including any arbitration agreements, if any, between the Parties hereto regarding the subject matter herein. There is no other agreement pertaining to the subject matter herein except as stated herein. Each Party acknowledges that the other has made no promises relating to the subject matter herein other than those contained in this Agreement.

15. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16. **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

17. **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

18. **Assignment of Claims:** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

19. **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

20. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

21. **Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the Parties hereby waive any objection to the contrary.

22. **Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.**

**WHEREFORE, the Parties have executed this Agreement on the date shown below.**

- 6 -

**AGREED:**

_____  Dated: _____
**CRISTIAN LOPEZ**

_____  Dated: _____
**JGR SERVICES INC., AND CUETES CORP..**
By:

_____  Dated: _____

**AGREED:**

_____  Dated: 7/24/2023
*[DocuSigned by: 3D7E384DFFFF4B7]*
**CRISTIAN LOPEZ**

_____  Dated: 9/7/2023
*juan R Martinez (Sep 7, 2023 16:29 EDT)*
**JGR SERVICES INC., AND CUETES CORP..**
By:

- 6 -